IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES A. CONE, individually and as parent and nature guardian of three (3) minor children, CHANDLER CONE, NICHOLAS CONE AND PEYTON CONE, | ) ) ) ) ) ) ) | CIVIL NO 08-00556 JMS-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ELISSA JOSEPHSOHN, ET AL., | ) ) | |
| Defendants. | ) ) | |

**FINDINGS AND RECOMMENDATION TO GRANT CITY DEFENDANTS' PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

Before the Court is the Petition for Determination of Good Faith Settlement ("Petition"), filed on November 10, 2009, by Defendants Carl Inouye, individually, Stuart Yano, individually, Alexander Garcia, individually, Peter Carlisle, City and County of Honolulu Prosecuting Attorney, individually, Chastity Imamura, individually, Bert Dement, individually, Vickie L.S. Kapp, individually, and the City and County of Honolulu ("the City", and all collectively "the City Defendants"). On December 4, 2009, Defendant Elissa Josephsohn filed her statement of no opposition. None of the other parties have responded to the Petition. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawai`i ("Local Rules").  The hearing on the Petition, currently set for December 28, 2009 at 10:00 a.m., is HEREBY VACATED.

After careful consideration of the Petition and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that the City Defendants' Petition be GRANTED for the reasons set forth below.

## BACKGROUND

The instant case arises from an August 23, 2006 incident in which Plaintiff James A. Cone[1] ("Plaintiff") was arrested for unauthorized entry into a dwelling, in violation of Hawai`i Revised Statutes § 708-812.6, after he entered Josephsohn's home to retrieve his children.  A grand jury indicted Plaintiff for that offense, and Plaintiff's case went to trial.  The trial court declared a mistrial after the jury could not reach a verdict.  The trial court, on Plaintiff's motion, dismissed the charges against Plaintiff.  Honolulu Police Department Officer Zachary Pang, Officer Carl Inouye, Officer Bert Dement, Sergeant Stuart Yano, and Detective Alexander Garcia each had a role in the investigation which resulted in Plaintiff's arrest.  Peter Carlisle was the Prosecuting Attorney for the City and County of Honolulu during the events in

---

[1] Plaintiff James A. Cone is proceeding as an individual and as the parent and natural guardian of three minor children, Chandler Cone, Nichol Cone, and Peyton Cone.

question, and Chastity Imamura and Vickie L.S. Kapp were deputy prosecuting attorneys.

In his Second Amended Complaint, filed on April 23, 2009, Plaintiff alleges that Josephsohn conspired with Defendant Kathryn Cone ("K. Cone"), Plaintiff's ex-wife, and Defendant Debra Cone ("D. Cone"), Plaintiff's wife at the time, to interfere with Plaintiff's custodial rights. The Second Amended Complaint alleges the following causes of action: violation of Plaintiff's Fourteenth Amendment right to due process; violation of Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable search and seizure; false imprisonment; intentional infliction of emotional distress ("IIED"); defamation; gross negligence; the intentional tort of conspiracy; malicious prosecution; and malicious obtainment of grand jury indictment. Plaintiff sought special damages, general damages of $5,000,000.00, punitive damages, attorneys' fees and costs, and any other appropriate relief.

After Josephsohn and the City Defendants filed several motions for summary judgment, Plaintiff and the City Defendants reached a settlement.[2] The City Defendants have agreed to pay,

---

[2] On November 24, 2009, the district judge issued an order granting summary judgment in favor of Josephsohn on the IIED and conspiracy claims. Thus, no claims remained against her. Plaintiff's IIED and conspiracy claims remained against D. Cone and K. Cone. On December 14, 2009, the district judge approved the parties' stipulation to dismiss with prejudice all claims
(continued...)

and Plaintiff has agreed to accept, a total of $3,000.00. [Petition at 9.]  In the instant Petition, the City Defendants seek a determination that the settlement was made in good faith.

Josephsohn filed a statement of no opposition, and none of the other parties responded to the Petition.

### DISCUSSION

Under Hawai`i law, a good faith release of a joint tortfeasor or co-obligor does not release the other joint tortfeasors or co-obligors, unless the agreement so provides, but the release reduces their liability.  It also discharges the party released from liability for contribution to another party, unless they have a written agreement apportioning liability.  See Haw. Rev. Stat. § 663-15.5(a).  A party must petition the court for a hearing on the issue of whether the settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors.  See id. § 663-15.5(b).  "The petition shall indicate the settling parties and the basis, terms, and settlement amount."  Id.  Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith.  See id.  The non-settling party must file its objection within twenty-five days of the mailing of the petition; if no party files an objection within the twenty-five day period,

---

²(...continued)
against Josephsohn, D. Cone, and K. Cone.  Thus, only Plaintiff's claims against the City Defendants remain.

the court may approve the settlement without a hearing.  See id.

>A determination by the court that a settlement was made in good faith shall:
>    (1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and
>    (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

Id. § 663-15.5(d).

In Troyer v. Adams, the Hawaii Supreme Court adopted a "totality of the circumstances" approach for the § 663-15.5 analysis of whether a settlement was made in good faith.  See 102 Haw. 399, 425, 77 P.3d 83, 109 (2003).  The supreme court stated,

>the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111.  These factors are not exhaustive; the court may consider any other relevant factor.  See id.

The Court finds that the relevant factors in this case

favor a determination of good faith settlement.  In particular, this Court notes that: the City Defendants may be entitled to either absolute immunity or qualified immunity; Plaintiff has not alleged a significant amount of specific damages; in light of the number of defendants involved, discovery and litigation may be protracted and costly; although the settlement amount is well within the limits of the City's insurance policy, the City Defendants state that the policy is not implicated in this action, [Petition at 10;] and there is no special relationship between the City Defendants and Plaintiff that would be conducive to collusion or other wrongful conduct.

This Court therefore FINDS that, under the totality of the circumstances, the City Defendants and Plaintiff reached their settlement in good faith.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that the City Defendants' Petition for Determination of Good Faith Settlement, filed on November 10, 2009, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, December 16, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JAMES A. CONE, ETC. V. ELISSA JOSEPHSOHN, ET AL; CIVIL NO. 08-00556 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT CITY DEFENDANTS' PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**